# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SCALES, | CASE NO. 1:10-CV-01247-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| BAKERSFIELD MEARCY HOSPITAL, et al., | (Doc. 1) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |

## Screening Order

**I.    Background**

Plaintiff Robert L. Scales ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint in the Central District of California on December 17, 2009.  The action was transferred to the Eastern District of California on July 13, 2010.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II. Summary of Complaint

Plaintiff complains of actions which occurred at Bakersfield Mercy[1] Hospital. Plaintiff names as Defendants Mercy Hospital Bakersfield and Staff, and Doe 1, superintendent of nursing.

Plaintiff alleges the following. Mercy Hospital is contracted with the state to provide medical care. On March 3, 2009, Plaintiff was transferred to Mercy Hospital for respiratory problems, and entered a coma for over three weeks. During that time, nurses or CNA's were supposed to turn Plaintiff every two hours to prevent bed sores.

Plaintiff developed a stage 4 bedsore because of their neglect, along with nerve damage. One month later, a wound nurse removed Plaintiff's dead skin surrounding the bed sore. This was done in unsanitary conditions, and resulted in a staph infection. Plaintiff later became infected with staph infection after a procedure was done a few weeks later. After several weeks of trying to bring Plaintiff's condition under control, the defendants eventually transferred Plaintiff to a hospital in San Diego. There, doctors operated on Plaintiff's bed sore.

Plaintiff seeks as relief monetary damages, and for Defendants to pay for all current and future medical expenses as a result of Plaintiff's injuries.

---

[1] Plaintiff misspells the Hospital's name as "Mearcy."

### III. Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).[2]

Plaintiff fails to state a claim. Plaintiff alleges that neglect on the part of nurses at Mercy Hospital led to Plaintiff developing a bedsore. Plaintiff alleges at most negligence, which is not sufficient for an Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff has not alleged sufficient facts to demonstrate that Defendants knew of and disregarded an excessive risk to Plaintiff's health. *Farmer*, 511 U.S. at 834, 837.

Plaintiff also alleges that he developed a staph infection because a wound nurse removed

---

[2] Mercy Hospital is not a prison official. However, the Court will assume that Mercy Hospital acts under color of state law, as Plaintiff alleges that Mercy Hospital is contracted with the state to provide medical care for inmates.

dead skin from the bed sore in unsanitary conditions.  This, too, is at most an allegation of negligence, and fails to state a claim.

While the nurses of Mercy Hospital is made up of numerous individuals, Plaintiff cannot sue them as a group.  Section 1983 requires a Plaintiff to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

## IV.  **Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants.  The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  *Iqbal*, 129 S. Ct. at 1949.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.   The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 18, 2011**                    /s/ **Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE